UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re

CONNIE'S TRADING CORP.,

                                          Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JOHN S. PEREIRA, etc., et al.,

                                          Plaintiffs,

                -against-                                    14-cv-0376 (LAK)

                                                    (12 B 11280 (SCC))
                                               (Adv. Proc. No. 12-1729 (SCC))

DOMINIC GARRITANO, et ano.,

                                          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER**

LEWIS A. KAPLAN, *District Judge*.

        Johanna Paz, Mireya Jaramillo, Jennifer Alvarez and Alejandro Arteago ("Movants") object to the report and recommendation of Magistrate Judge Gabriel W. Gorenstein, dated May 8, 2014 (the "R&R"), which recommended denial of their motion under 28 U.S.C. §§ 157(d) and (e) to withdraw the reference.

*Facts*

        It is vitally important to understand certain critical facts with respect both to the background and the specific relief sought by this motion.

*The District Court Actions*

        As the R&R briefly summarizes, Movants are former employees of three New York

City restaurants and are plaintiffs in two lawsuits pending before the undersigned. Both lawsuits assert claims against Ignacio and Leonor Piedra, who allegedly operate or operated those restaurants, and certain corporations owned by them. On March 16, 2012, I issued a prejudgment order of attachment in those actions against "[t]he interests of any of the defendants [consisting of the Piedras and the named corporate defendants, which did not then and do not now include Connie's Trading Corp., now the debtor in this case] in shares of the stock and the assets of . . . Connie's." Connie's soon thereafter filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

*The Adversary Proceeding*

In June 2012, Connie's Chapter 7 trustee commenced this adversary proceeding against Dominic Garritano and NYRE Ninth LLC ("NYRE") to avoid allegedly voidable transfers by Connie's. In November 2013, seventeen months later, Movants moved for leave to intervene in the adversary proceeding, for a determination that the fraudulent conveyance claims asserted against Garritano and NYRE belong to them, and authorizing them (not the trustee) to pursue them. In the following month, the trustee reached a settlement with Garritano and NYRE and moved in the Bankruptcy Court for approval of the settlement pursuant to Bankr. R. 9019. Neither the motion to intervene nor the motion to approve the settlement has been decided.

*The Motion to Withdraw the Reference*

On January 21, 2014, movants presented a proposed order to show cause to this Court which, if signed as presented, would have withdrawn the reference by this Court to the Bankruptcy Court of *the entire adversary proceeding*. This Court, recognizing that the Movants' claimed pressing need was principally for an opportunity to be heard in the Bankruptcy Court on the motion to approve the trustee's proposed settlement with Garritano and NYRE, did not sign the order to show cause as presented.[1] Rather, as Magistrate Judge Gorenstein recognized, it modified the order to show cause to require the non-moving parties to show cause *only* why an order should not be issued "withdrawing the reference . . . with respect to the pending motions to intervene in Adv. Proc. No. 12-1729 and the trustee's 9019 motion." DI 3, at 2. While movants remained at liberty to seek withdrawal of the reference as to the entire adversary proceeding by filing a notice of motion supplementing the order to show cause, they never have done so.

*Discussion*

Magistrate Judge Gorenstein ably has set forth the legal standards governing both mandatory and permissive withdrawal of the reference. R&R, at 7-8, 12-14.

---

[1] The order to show cause is a vehicle for bringing on a motion more quickly than occurs where the motion is brought on by notice of motion. The Court has discretion whether to shorten notice and whether to shorten notice for all or only part of the relief sought.

3

A *sina qua non* of mandatory withdrawal is the need for "substantial and material consideration of non-Bankruptcy Code federal statutes . . . for resolution of the proceeding." *Shugrue v. Airline Pilots Ass'n Int'l (In re Ionosphere Clubs, Inc.),* 922 F.2d 984, 995 (2d Cir. 1990). Simple application of federal statutes other than the Bankruptcy Code does not qualify.

The question whether the Movants have a right or, in the exercise of discretion should be permitted, to intervene implicates Fed. R. Bankr. P. 7024, which incorporates Fed. R. Civ. P. 24. While the fact of the incorporation of Federal Rule of Civil Procedure 24 perhaps might be said to require consideration of non-Bankruptcy Code law for resolution of the motion to intervene, Movants have pointed to nothing novel, substantial or material that must be considered in order to decide their intervention motion.

The trustee's motion for approval of the settlement is governed by Fed. R. Bankr. P. 9019, which requires Bankruptcy Court approval – after notice to creditors, among others, and a hearing. The question whether movants are creditors of Connie's (the debtor) by virtue of their having filed proofs of claim against it or otherwise,[2] and thus entitled to notice, is a core matter under the Bankruptcy Code. Nor does determination of whether the fraudulent conveyance claims that the trustee wishes to settle – certainly a matter going to the merits of the proposed settlement – constitute property of the estate require "substantial and material consideration of non-Bankruptcy Code federal statutes."

Accordingly, the Movants are not entitled to mandatory withdrawal of the reference with respect to either of the two pending motions, the motion to intervene and the trustee's motion to approve the settlement.

The permissive withdrawal argument lacks merit also. The Movants' arguments that they are entitled to a jury trial and that the Bankruptcy Court would not be able to enter a final judgment on the fraudulent conveyance claims do not bear on the questions whether they should be allowed to intervene and whether to grant the trustee's motion for approval of the settlement. Their contention that the remaining *Orion* factors favor withdrawal similarly is misplaced. Considerations of judicial efficiency, uniformity, and forum shopping all weigh in favor of allowing the motions at issue to proceed in the Bankruptcy Court, which is more familiar with the relevant facts and procedural history than this Court now is, and to all appearances was viewed by Movants as a suitable forum until very recently.

---

[2] This Court did not rule in the district court actions that the Piedras and Connie's were alter egos, as the issue was not raised. In any case, Connie's is not a party to those actions and would not be foreclosed on that issue unless the Movants satisfy the requirements applicable to finding a non-party bound by any such finding.

They have not sought to do so here or, as far as the record discloses, in the Bankruptcy Court.

*Conclusion*

For the foregoing reasons, the motion to withdraw the reference with respect to the pending motions to intervene in Adv. Proc. No. 12-1729 and the trustee's 9019 motion [DI 3] is denied. There simply is no good reason why the Bankruptcy Court should not proceed to decide whether to permit the Movants to intervene, whether they should be heard with respect to the proposed settlement, and whether the proposed settlement should be approved. The court intimates no views on these matters.

SO ORDERED.

Dated:       July 17, 2014

_____
Lewis A. Kaplan
United States District Judge